IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA, | No. CIV S-07-0254-RRB-CMK |
| Plaintiff, | |
| vs. | ORDER |
| APPROXIMATELY $83,940 IN U.S. CURRENCY, et al., | |
| Defendants. | |

Plaintiff brings this civil case of forfeiture *in rem*, pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881. Pending before the court is plaintiff's motion for default judgment (Doc. 22) and claimant Bradley Hakala's motion to set aside entry of default (Doc. 29).

Plaintiff filed it's complaint for forfeiture *in rem* on February 8, 2007. The court granted plaintiff's application for publication on February 20, 2007, which was accomplished on March 13, 2007 and March 16, 2007. On April 20, 2007, plaintiff filed a request for entry of clerk's default against claimant Bradley Hakala. Clerk's entry of default was entered on April 24, 2007. On July 26, 2007, plaintiff filed the pending motion for default judgment. Then on October 12, 2007, claimant Bradley Hakala filed a claim and answer to the complaint. Claimant

1

Hakala was required to file the pending motion to set aside his default before he could proceed in this matter. He filed his motion on January 14, 2008. Plaintiff filed an opposition to the motion and claimant has filed his reply.

Rule 55(c) of the Federal Rules of Civil Procedure provides for relief from an entry of default for "good cause shown." An application under 55(c) to set aside a default is addressed to the sound discretion of the trial court. Savarese v. Edrick Transfer and Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975). Because of the preference for deciding cases on their merits whenever possible, motions for relief from default entries should be viewed liberally, see Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), resolving all doubts in favor of the party seeking relief. See, e.g., Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

In considering a motion to set aside a clerk's entry of default pursuant to Rule 55(c), courts "uniformly consider" the factors relevant to a motion to set aside a default judgment, pursuant to Fed. R. Civ. P. 60(b). 10 Wright and Miller, Federal Practice and Procedure ("Wright & Miller"), § 2694. Any of the reasons which are sufficient to justify relief under Rule 60(b) will justify relief under Rule 55(c). Id. "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt, 783 F.2d 941, 945; See also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000) (quoting O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994)).

A motion to set aside a default judgment under Rule 60(b) may be denied if: (1) the plaintiff would be prejudiced by granting it; (2) the defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default. Pena v. Seguros La Comercial, S.A., 770 F.2d 811 (9th Cir. 1985). Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that a defaulted party acts quickly to cure the default and seek relief is viewed as a strong reason for the court to exercise its discretion to set aside the default. Wright & Miller, § 1698.

In this case, plaintiff concedes that two of the three factors weigh in claimant Hakala's favor, specifically that plaintiff would not be prejudiced by setting aside the default and that claimant Hakala may have a meritorious defense assuming the veracity of his evidence. However, plaintiff argues that claimant Hakala has not offered any explanation why he failed to file a timely claim and answer. Plaintiff therefore argues that claimant's culpable conduct led to the default. Essentially plaintiff argues that claimant Hakala actually or constructively received notification of these proceedings through his previous attorney and that he has offered no excuse for not filing his claim and answer in a timely manner.

A court may deny the request to set aside a default if the claimant's culpable conduct led to the default. Culpable conduct in this context is the equivalent of willful, deliberate, or bad faith. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not *necessarily* - although it certainly may be, once the equitable factors are considered - culpable or inexcusable." Id. at 697-98. "On a rule 60(b) motion, this court will accept the allegations of the movant's factual statement." Falk, 739 F.2d at 464 (citing In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978)).

Claimant Hakala sets forth his reasons for failing to file his claim and answer in this matter in his motion, declaration and reply. Claimant does not actually deny that he received notice of these proceedings. However, he claims that he was in contact with his previous attorney who was hired to represent him in the underlying state criminal action, that his previous attorney filed an administrative claim with the Drug Enforcement Agency, and he was advised by this attorney that they were waiting for a court date (presumably in this matter). Claimant continued to question his attorney as to the status of this case and, not receiving an acceptable response, contact his current counsel. Current counsel determined the status of these

1  proceedings, informed claimant, and claimant retained him.  Within 30 days of being retained,
2  current counsel filed the late claim and answer.  The pending motion to set aside the default was
3  then filed within the time-line set by the court.
4         The court finds that claimant has shown, as no party disputes, that no prejudice to
5  plaintiff will occur by the setting aside of claimant's default and that claimant may have a
6  meritorious defense.  The third factor also weighs in claimant's favor, especially given the
7  court's discretion to liberally grant a motion to set aside entry of default.  Claimant has indicated
8  that he diligently inquired into the status of the case with his previous attorney.  Once he
9  determined he was not able to rely on his previous attorney, he contacted his current counsel and
10 retained him within a reasonable time frame.  Claimant's current counsel then filed claimant's
11 claim and answer as expeditiously as possible.  It appears to the Court that claimant did not act
12 willfully in failing to respond timely to plaintiff's complaint.
13        Motions for relief from default entries should be viewed liberally.  Accordingly,
14 the undersigned finds good cause for setting aside claimant Hakala's default.  Plaintiff has not
15 shown prejudice, the claimant has a meritorious defense, and claimant's conduct was not
16 culpable.
17        As claimant Hakala's default will be set aside, plaintiff's motion for default
18 judgment becomes moot.  The Clerk of the Court will be directed to administratively terminate
19 that motion as a pending motion on the court's docket.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Claimant Bradley Hakala's motion to set aside Clerk's entry of his default (Doc. 29) is granted; and

2. Plaintiff's motion for default judgment against the defendant property (Doc. 22) is denied as moot.

DATED: March 5, 2008

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE